## WELCH v. GLEASON

1. This court cannot rest their judgment on facts stated only in exceptions and argument.
2. A party was arrested on a charge of stealing money and when taken before a trial justice that officer took from him what money he had; but upon a preliminary examination he was discharged. *Held,* that the trial justice was liable to this party in a civil action for the money so taken and retained.

Before HUDSON, J., Charleston, March, 1887.

The opinion states the case.

*Mr. John Wingate,* for appellant.

*Mr. John M. Freeman,* contra.

March 20, 1888. The opinion of the court was delivered by

MR. JUSTICE MCIVER. The defendant in this action, as trial justice, upon the affidavit of one Allen Green, issued a warrant against the plaintiff herein, charging him with larceny of three bills, of ten dollars each, one bill of five dollars, and three silver dollars, of the currency and coin of the United States. Welch was arrested under this warrant and carried before trial justice Gleason, when the money sued for in this action was taken from him and retained by said trial justice. Upon a preliminary examination the case was dismissed and the said Welch discharged from custody. Upon that examination it appeared that the money taken from Welch and retained by the trial justice had been placed in his hands by one Emily Tention, who, from some circumstances mentioned at the preliminary examination, was suspected of having stolen the money, which she placed in Welch's hands, from the said Allen Green. There was no testimony identifying the money taken from Welch with that stolen from Green.

After Welch's discharge he commenced this action against Mr. Gleason to recover possession of the money taken from him while under arrest, which was tried before the judicial trial justice, who rendered judgment in favor of the plaintiff, and from that judgment defendant appealed to the Circuit Court, where the appeal was dismissed and the judgment of the judicial trial justice was affirmed. The defendant now appeals from the judgment of the Circuit Court upon the following grounds: I. Because the Circuit Judge should have decided that the court of judicial trial justice had no jurisdiction, after it had [been] proved that the personal property in dispute was held by the defendant as trial justice, the same having been delivered to him as stolen property, and that the Court of General Sessions, having jurisdiction of the criminal action pending, had jurisdiction of the property in his hands as trial justice. II. Because the said judge should have decided that until the criminal action against Emily Tention, charged with the larceny of the property described in the pleadings, had been concluded, the defendant, as trial justice, was entitled to retain possession of the property

described in the pleadings, and the complaint herein should have been dismissed.

It seems to us that these grounds of appeal are based solely upon a fact which nowhere appears in the "Case," to wit, that a criminal action was pending against Emily Tention for the larceny of the money in question. There is no testimony that any such action was ever commenced, and certainly none that it was pending when the present action was instituted. No affidavit or warrant charging Emily Tention with the larceny was offered in evidence, and no witness testified that any such affidavit had been made, or any such warrant had been issued. The utmost that can be said is that in the course of the preliminary examination of the charge made against Welch, a suspicion was expressed that Emily had stolen the money; but, as the judicial trial justice very properly held, there was no sufficient evidence that Emily had stolen the money, and not a particle of testimony identifying the money taken from Welch with the money which Green alleged had been stolen from him. But even granting that there was testimony tending to show that Emily Tention had stolen Green's money, there was certainly no testimony that any criminal proceeding was pending, or had ever been commenced, against Emily Tention, and hence the grounds of appeal have no support in fact. The charge against Welch having been dismissed, the Court of Sessions never acquired any jurisdiction of that case, and, as we have said, none other was pending, so far as the testimony shows.

It is true that this fundamental fact is stated, or rather assumed, in the defendant's grounds of appeal from the judgment of the judicial trial justice, and is again assumed in the grounds of appeal from the judgment of the Circuit Court, and still again stated in the argument of appellant's counsel, but as we have repeatedly had occasion to say, this court cannot rest its judgment upon any facts stated in argument or in the exceptions, unless such fact also appears in the "Case" as prepared for argument here, for the very obvious reasons which have been stated in previous cases, and which need not, therefore, be repeated here. *State* v. *Wilder*, 13 *S. C.*, 347; *Moore* v. *Parker*, *Ibid.*,

489; *Sheriff* v. *Welborn*, 14 *S. C.*, 487; *Scott* v. *Alexander*, 23 *Id.*, 125 ; *Hubbard* v. *Camperdown Mills*, 25 *Id.*, 504.

In the absence, therefore, of this fundamental fact, it is quite clear that neither of the grounds of appeal can be sustained, for the legal question which those grounds purport to raise is without the testimony necessary to present it in such a practical form as would justify this court in undertaking to decide it.

It seems to us, therefore, that the case, as presented by the testimony, amounts simply to this, that the plaintiff was arrested under a charge of larceny, and when carried before the defendant, as a trial justice, money found in his possession was taken from him and delivered to the trial justice ; but when the charge, upon investigation, proved to be groundless and he was discharged from custody, he was clearly entitled to a return of the money.    The defendant doubtless acted in good faith, under an honest but mistaken belief as to his duty in the premises, and this is manifestly the view taken by the Circuit Judge, from the fact that he has relieved him from the payment of costs.    But while this is the case, he is nevertheless liable to the plaintiff for the amount of the money taken from him, even though it was done with the best of motives.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.